# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                       **CIVIL ACTION**

**VERSUS**                                              **NO. 13-830-BAJ-RLB**

**COMMISSIONER**
**OF THE SOCIAL SECURITY**
**ADMINISTRATION**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 3, 2015.

                                                                                          _____
                                                                                          **RICHARD L. BOURGEOIS, JR.**
                                                                                          **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**       **CIVIL ACTION**

**VERSUS**      **NO. 13-830-BAJ-RLB**

**COMMISSIONER
OF THE SOCIAL SECURITY
ADMINISTRATION**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Summary Judgment (R. Doc. 13), filed on May 21, 2015. In this action, Plaintiff seeks judicial review of the Commissioner of the Social Security Administration's denial of his application for benefits. (R. Doc. 1). Plaintiff initiated this litigation by filing his Complaint against the Commissioner on December 23, 2013. (R. Doc. 1). The Court has reviewed Plaintiff's Motion for Summary Judgment and recommends that it be denied for two reasons.

First, Plaintiff prematurely moved for summary judgment against the Commissioner before the Commissioner officially became a party to this suit or was subject to the Court's authority. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

On May 21, 2015, Plaintiff filed the instant Motion for Summary Judgment. (R. Doc. 13). At the time, however, the United States Attorney had not been served under Rule 4(i)(2) of the

Federal Rules of Civil Procedure. According to the record, that service was not effected until June 18, 2015 (R. Doc. 16) — almost a month after Plaintiff moved for summary judgment. "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . . ." *Murphy Bros, Inc.*, 526 U.S. at 350. And so, Plaintiff's Motion for Summary Judgment should be denied as premature because it was filed before the Commissioner "officially" became a party to this litigation. *See Lewis v. Cain*, 2009 WL 3254478, at *1 (M.D. La. Oct. 9, 2009) ("Plaintiff's motion for summary judgment is premature" for "having failed to serve defendants Pennywell and Harris with the complaint . . . .").

Second, Plaintiff's Motion for Summary Judgment contravenes the Court's Scheduling Order and should be denied for this additional reason. (R. Doc. 17). To begin, the Court's Scheduling Order required Plaintiff to file a "Memorandum in Support of Appeal," as opposed to a Motion for Summary Judgment. (R. Doc. 17 at 1). Moreover, the Court's Scheduling Order instructed Plaintiff to file his Memorandum in Support of Appeal "within sixty (60) days after filing of the notice and administrative record" by the Commissioner. (R. Doc. 17 at 1). The administrative record was not filed by the Commissioner until July 29, 2015.

In other words, the earliest Plaintiff could have file his Memorandum was July 30, 2015. *See* Fed. R. Civ. P. 6(a)(1)(A) ("[I]n computing any time period specified in" a court order — "[w]hen the period is stated in days . . . (A) exclude the day of the event that triggers the period.").

And because the Scheduling Order requires that Plaintiff file his Memorandum in Support of Appeal within 60 days of Defendant's filing, Plaintiff's Memorandum is not due until **September 28, 2015**. *See* Fed. R. Civ. P. 6(a)(1)(B)-(C) ("(B) count every day, including Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last

day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgement be **DENIED** as premature and in contravention to the Court's Scheduling Order. Plaintiff's appeal will be decided on the merits in accordance with the procedure set forth by the Court. Plaintiff will not be prejudiced by the denial of this motion.

The Court also advises Plaintiff that nothing in this Report and Recommendation alters Plaintiff's obligation to file his Memorandum in Support of Appeal in accordance with the Court's Scheduling Order. Plaintiff's deadline for filing his Memorandum in Support of Appeal remains **September 28, 2015**.

For the foregoing reasons, it is recommended that Plaintiff's Motion for Summary Judgement be denied. The undersigned will issue a Report and Recommendation on the underlying appeal following briefing by the parties as set forth in the Scheduling Order.

Signed in Baton Rouge, Louisiana, on September 3, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**